UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SHEETZ, INC., *et al.*,

      Plaintiffs,

vs.

CITY OF CENTERVILLE, OH, *et al.*,

      Defendants.

Case No. 3:24-cv-59

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) DENYING DEFENDANTS' MOTIONS TO DISMISS (Doc. Nos. 7, 18); (2) INSTRUCTING THE PARTIES TO MEET AND CONFER; (3) REQUIRING THE PARTIES TO FILE THEIR FED. R. CIV. P. 26(f) REPORT ON OR BEFORE OCTOBER 3, 2024; AND (4) REQUIRING THE PARTIES TO MAKE INITIAL DISCLOSURES UNDER FED. R. CIV. P. 26(a)(1) ON OR BEFORE SEPTEMBER 26, 2024**

---

This is a civil case, premised on federal question jurisdiction, in which Plaintiffs, through counsel, seek damages for alleged (1) tortious interference with business relations; (2) tortious interference with contractual relations; (3) substantive due process violations; (4) Takings violations; and (5) civil conspiracy. *See* Doc. No. 1 at PageID 15-18. Plaintiffs also seek a declaratory judgment. *Id.* at PageID 19. This case is before the Court on two Fed. R. Civ. P. 12(b)(6) motions to dismiss. Doc. Nos. 7, 18. The first motion is from Defendant Epiphany Evangelical Lutheran Church ("Epiphany"). Doc. No. 7. The second motion is from Defendant Graceworks Lutheran Services, d/b/a Bethany Lutheran Village ("Graceworks"). Doc. No. 18. Both motions seek dismissal of all claims alleged against them. *Id.*; Doc. No. 7. Plaintiffs responded in opposition to both motions (Doc. Nos. 21, 23), and Epiphany and Graceworks replied (Doc. Nos. 25, 29). These motions are ripe for review.

**I.**

Rule 12(b)(6), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

At the motion to dismiss stage, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quotation omitted). The Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*, 974 F.3d 756, 758 (6th Cir. 2020) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Winget*, 510 F.3d at 582–83 (citation omitted) (quotation omitted).

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.

Having carefully and thoroughly considered the pleadings and briefing in support of, and in opposition to, Epiphany's and Graceworks' individual motions, along with the procedural posture of this case, the efficient and appropriate way forward is to permit discovery to occur and consider the parties' arguments on summary judgment, not earlier at the motion-to-dismiss phase of litigation. *See, e.g.*, *Meriwether v. Hartop*, 992 F.3d 492, 514 (6th Cir. 2021). Proceeding in this manner will ensure that the Court reviews these arguments only after appropriate discovery has been completed and will guarantee that the Court's consideration of the parties' arguments is not premature. *Id.*; *cf. Humphreys v. Bank of Am.*, 557 F. App'x 416, 422 (6th Cir. 2014); *Grose v. Caruso*, 284 F. App'x 279, 284 (6th Cir. 2008) (Gibbons, J., concurring); *Nuchols v. Berrong*, 141 F. App'x 451, 453 (6th Cir. 2005); *LRL Prop. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1113 (6th Cir. 1995) (Jones, J., dissenting).

## III.

Accordingly, the motions to dismiss (Doc. Nos. 7, 18) are **DENIED**. The Court **INSTRUCTS** the parties to informally confer in good faith and prepare a report as required by Fed. R. Civ. P. 26(f).[1] The parties' Rule 26(f) report shall be filed with the Court or before **October 3, 2024**. The Court further **INSTRUCTS** the parties to exchange initial discovery disclosures under Fed. R. Civ. P. 26(a)(1) on or before **September 26, 2024**.

**IT IS SO ORDERED.**

  August 22, 2024                     s/Michael J. Newman
                                       Hon. Michael J. Newman
                                         United States District Judge

---

[1] A form Rule 26(f) Report of the Parties (applicable to the Western Division at Dayton) is accessible on the Court's website at http://www.ohsd.uscourts.gov/ohio-southern-district-forms.