UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SHEETZ, INC., *et al.*,

    Plaintiffs,

vs.

CITY OF CENTERVILLE, *et al.*,

    Defendants.

Case No. 3:24-cv-59

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) OVERRULING DEFENDANT'S OBJECTIONS (Doc. No. 43); (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. No. 39); AND (3) REMOVING ATTORNEY CHILSON AS COUNSEL FOR DEFENDANT EPIPHANY**

---

Plaintiffs originally filed this civil case in the Montgomery County, Ohio Common Pleas Court alleging Defendants tortiously interfered with Plaintiffs' real estate contract, and that other Defendants unlawfully denied approval of Plaintiffs' site plan. Doc. No. 19. Defendants removed the case to this Court on the basis of federal question jurisdiction. Doc. No. 1. Plaintiffs filed a motion to disqualify Attorney Mark Chilson as counsel of record for Defendant Epiphany Evangelical Lutheran Church ("Epiphany"). Doc. No. 13.

On September 26, 2024, Magistrate Judge Caroline H. Gentry issued a Report and Recommendation ("R&R") in which she recommended granting Plaintiffs' motion because Attorney Chilson will likely be a necessary witness at trial; his testimony will relate to contested issues; his disqualification will not be a substantial hardship on his client; and his disqualification is necessary to comply with the purposes of Rule 3.7(a) of the Ohio Rules of Professional Conduct, which this Court has adopted. *See* S.D. Ohio Model Fed. R. Disciplinary Enf't IV; Doc. No. 39. Defendant timely filed objections, arguing, *inter alia*, that disqualification exceeds the scope of

Ohio Professional Conduct Rule 3.7(a)[1]; the Court erred by failing to consider less drastic alternatives to disqualification; and the Court did not adequately weigh the prejudice to Defendant Epiphany. Doc. No. 43.

The Court has reviewed the R&R under the "clearly erroneous or contrary to law" standard, as required by 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). The Court has also reviewed Defendants' objections (Doc. No. 43) and all filings in this matter. "A motion to disqualify counsel is the proper method for a party to bring an alleged breach of ethical duties to the court's attention." *Kitchen v. Aristech Chem.*, 769 F. Supp. 254, 256 (S.D. Ohio 1991) (citing *Musicus v. Westinghouse Elec. Corp.*, 621 F.2d 742 (5th Cir. 1980)). District courts have "'substantial latitude' to disqualify counsel when 'a potential conflict exists which may or may not burgeon into an actual conflict as the trial progresses.'" *Kennedy v. Stewart*, 567 Fed. App'x 433, 435 (6th Cir. 2014) (quoting *Wheat v. U.S.*, 486 U.S. 153, 158 (1988)). In considering a motion to disqualify counsel, a court must use its discretion in balancing the "competing public interests of requiring professional conduct by an attorney and of permitting a party to retain counsel of his choice." *Kitchen*, 769 F. Supp. at 257. "In order to resolve competing interests, the court must balance the interest of the public in safeguarding the judicial process together with the interests of each party." *Id.* (citing *General Mill Supply Co. v. SCA Servs., Inc.*, 697 F.2d 704, 711 (6th Cir. 1982)).

---

[1] (a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:

    (1) the testimony relates to an uncontested issue;

    (2) the testimony relates to the nature and value of legal services rendered in the case;

    (3) the disqualification of the lawyer would work *substantial* hardship on the client.

Ohio Rule Prof. Cond. 3.7(a) (emphasis in original).

Having conducted the required balancing test, the Court finds Judge Gentry correctly applied this legal standard and reasonably found that Attorney Chilson should be disqualified as counsel for Defendant Epiphany under Ohio Professional Conduct Rule 3.7(a).  Doc. No. 39.

Accordingly, Defendant's objections are **OVERRULED**; the R&R is **ADOPTED**; and Attorney Chilson is **REMOVED** as counsel for Defendant Epiphany.

    **IT IS SO ORDERED.**

November 21, 2024                          s/*Michael J. Newman*
                                                           Hon. Michael J. Newman
                                                           United States District Judge