**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| SHEETZ, INC., *et al.*, | : | Case No. 3:24-cv-00059 |
| Plaintiffs, | : | |
| | : | District Judge Michael J. Newman |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| CITY OF CENTERVILLE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

**ORDER GRANTING DEFENDANT EPIPHANY EVANGELICAL LUTHERAN CHURCH'S MOTION FOR LEAVE TO FILE UNDER SEAL (DOC. NO. 82)**

---

Before the Court is the Motion for Leave to File Under Seal Certain Exhibits to Its Response to Plaintiffs' Motion in Doc. 62 ("Motion to Seal," Doc. No. 82) filed by Defendant Epiphany Evangelical Lutheran Church ("Epiphany Church"). Defendant Epiphany Church seeks leave to file five sealed exhibits to supplement its Response (Doc. No. 84) in opposition to Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. No. 62). Because the five exhibits at issue consist of purchase agreements and amendments, the Court will refer to them as "the Contracts."

For the following reasons, the Motion to Seal is **GRANTED**.

**I.     LEGAL STANDARD**

There is an important distinction between an agreement among parties to limit public disclosure of information during discovery proceedings and a Court order that seals information filed by the parties to assist in the adjudication of a case. *Shane Group*, 825 F.3d at 305. "The line between these two stages, discovery and adjudicative, is

crossed when the parties place material in the court record." *Id.* "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). The Court's obligation to make its records "open for public inspection . . . is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-cv-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Group*, 825 F.3d at 307).

Accordingly, a party that seeks to seal court records bears a "heavy" burden of overcoming the "'strong presumption in favor of openness' as to court records." *Shane Group*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179). "Only the most compelling reasons can justify non-disclosure of judicial records." *Id*. Such compelling reasons may include trade secrets, information protected by a recognized privilege, or information protected by statute. *Id*. at 308. But even if there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Group*, 825 F.3d at 305). And the extent of the seal "must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Group*, 825 F.3d at 305-06 (quotation omitted). Ultimately, the movant must show, with specificity, that "disclosure will work a clearly defined and serious injury." *Id.* at 307-08 (internal citations and quotations omitted).

In sum, a party that seeks to seal documents filed with the Court must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash*, 767 F. App'x at 637. The Court must then make specific findings and conclusions to justify sealing the records. *Shane Group*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

II.   **RELEVANT FACTS**

Plaintiffs previously designated the Contracts as confidential and for "Attorneys Eyes Only" under the parties' Stipulated Protective Order. (*See* Motion to Seal, Doc. No. 82 at PageID 1042.) Although Plaintiffs do not formally oppose the Motion to Seal, they first argue that the exhibits do not need to be filed at all. (Response, Doc. No. 90.) In the alternative, Plaintiffs argue that Epiphany Church "should either be ordered to file the [Contracts] under seal or with the financial numbers redacted." (*Id*. at PageID 1199.) The financial numbers to which Plaintiffs refer are dollar amounts in the Contracts (Doc. No. 91-1 at PageID 1222), specifically "[t]he amount that [Plaintiff] Sheetz paid, and the amount that [Plaintiff] Hemmert Far Hills is receiving." (Doc. No. 90 at PageID 1194.) Therefore, the proposed redactions apply solely to dollar amounts in the Contracts.

After Epiphany Church filed its Motion to Seal (Doc. No. 82), the Court ordered the parties to address the propriety of sealing the Contracts under the standard set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). (*See* Doc. No. 86.) The parties subsequently submitted, and the Court reviewed *in camera*, the Contracts with proposed redactions.

3

### III. ANALYSIS

The first step of the *Shane Group* test considers whether there is a compelling interest in sealing the records. The Court is persuaded by Plaintiffs' argument that they have a compelling interest in keeping the redacted dollar amounts out of the public eye:

> The Plaintiffs have a compelling interest in protecting the terms of the purchase agreements. These are private documents with confidential information inside. It would be damaging to the Plaintiffs' future business dealings if another entity knew how much Sheetz paid for the Elsa's property. *See generally, Declaration of Errin Hensley*. Sheetz is an expanding nationwide corporation and has no interest in publicly divulging how much it pays for pieces of property. Allowing the sale price to become public would give Sheetz's competitors and future business partners a competitive advantage over it. This constitutes a "clearly defined and serious injury." *Shane Grp.*, 825 F.3d at 307. Conversely, Hemmert Far Hills Properties has a compelling interest in keeping the amount it stands to gain from the Sheetz sale private. *See generally, Declaration of Jason Hemmert*. The purchase agreements have confidentiality provisions that neither party has waived.

(Doc. No. 90 at PageID 1198.)

This Court has held that a compelling interest can exist in sealing "confidential information that would otherwise allow competitors an inside look at a company's business strategies." *See, e.g., Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-cv-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017) (finding a compelling interest in sealing confidential information including non-public and proprietary technical research and development); *Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-cv-185, 2017 WL 3537195, at *3–4 (S.D. Ohio Aug. 17, 2017) (finding a compelling reason to seal "confidential information, including trade secrets, that would harm [the plaintiff] if made public."). This compelling interest includes pricing information. *Medpace, Inc. v. AVM*

4

*Biotechnology, Inc.*, No. 1:24-cv-000395, 2025 WL 50692, at *2 (S.D. Ohio Jan. 8, 2025) (finding a compelling reason to redact pricing information reflected in task orders); *Pro. Investigating & Consulting Agency, Inc. v. SOS Sec. LLC*, No. 2:19-cv-3304, 2022 WL 4376227, at *2 (S.D. Ohio Sept. 22, 2022) (finding a compelling reason to seal documents containing, among other things, financial data, negotiations for purchases, clients, vendors, and pricing strategy).

Significantly, this Court held in a similar case that "the Parties' desire to prevent competitors from gaining a competitive advantage" was a compelling reason to allow the redaction of "confidential pricing information." *Sound Energy Co., Inc. v. Ascent Res. - Utica, LLC*, No. 2:18-cv-1771, 2020 WL 13528338, at *2 (S.D. Ohio Apr. 3, 2020) (quoting *Kondash v. Kia Motors Am., Inc.*, No. 1:15-cv-506, 2018 WL 770418, at *3 (S.D. Ohio Feb. 7, 2018)). In *Sound Energy*, the redacted information included "dollar amounts paid by Carrizo to the Plaintiffs pursuant to two Purchase and Sale Agreements, along with other references to various purchase prices. *Id*. at *2. Based on this authority, the Court agrees that Plaintiffs have a compelling interest in sealing or redacting the dollar amounts in the Contracts.

The second step of the *Shane Group* test considers whether the compelling interest in sealing court records outweighs the public's interest in accessing the records. Here, the Court finds that Plaintiffs' interest in safeguarding its financial information outweighs the public interest in the information. Indeed, because the redacted financial amounts are not relevant to the issues presently before the Court, the public's interest in knowing that information is lessened. *See Shane Group*, 825 F.3d at 305 ("the public has an interest in

5

ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions") (cleaned up); *Sound Energy*, 2020 WL 13528338, at *2 ("the public has little to no interest in disclosure of the privately negotiated purchase prices"); *see also Pro. Investigating & Consulting Agency, Inc. v. SOS Sec. LLC*, No. 2:19-cv-3304, 2022 WL 4376227, at *2 (S.D. Ohio Sept. 22, 2022).

Finally, the third step of the *Shane Group* test considers whether the proposed seal or redaction is narrowly tailored. This Court found similar proposed redactions of dollar amounts to be "narrowly-tailored and appropriate" in *Sound Energy*, 2020 WL 13528338, at *2. The Court reaches the same conclusion in this case.

For all of these reasons, the Court finds that (1) Plaintiffs have a compelling interest in sealing or redacting the identified financial information, (2) this compelling interest outweighs the public interest in release of the confidential information, and (3) the proposed redactions are narrowly tailored to serve this compelling interest.

IV. **CONCLUSION**

For the foregoing reasons, Defendant Epiphany Church's Motion to Seal (Doc. No. 82) is **GRANTED**. Defendant Epiphany Church is **GRANTED LEAVE** to file Exhibits 1, 3, 4, 5, and 6 **under seal** as additional attachments to Epiphany Church's Response to Plaintiffs' Motion for Leave (Doc. No. 84). Defendant Epiphany Church is further **ORDERED** to file the proposed redacted versions of Exhibits 1, 3, 4, 5, and 6 on the public docket.

**IT IS SO ORDERED.**

                                                */s/ Caroline H. Gentry*
                                                Caroline H. Gentry
                                                United States Magistrate Judge