UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SHEETZ, INC., *et al.*,

    Plaintiffs,

vs.

CITY OF CENTERVILLE, OHIO, *et al*.,

    Defendants.

Case No. 3:24-cv-59

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING PLAINTIFFS' MOTION TO CERTIFY A QUESTION OF STATE LAW TO THE SUPREME COURT OF OHIO (Doc. No. 71); (2) GRANTING PLAINTIFFS' MOTION FOR A STAY (Doc. No. 71); AND (3) STAYING PROCEEDINGS PENDING CERTIFICATION TO THE SUPREME COURT OF OHIO**

---

This is a civil case brought by counsel under 42 U.S.C. § 1983, where Plaintiffs Sheetz, Inc. ("Sheetz"), Morse Road Development LLC *d/b/a* Skilken Gold ("Skilken Gold"), and Hemmert Far Hills Properties, LLC ("Hemmert Far Hills") allege Defendants City Council of the City of Centerville, Ohio ("City Council") denied Plaintiffs substantive due process, procedural due process, and violated the Takings Clause of the United States Constitution.

Ohio law may, or may not, stop Plaintiffs from bringing the present case. This problem exists because Plaintiffs, before filing the present case, filed an administrative appeal against Defendants in state court, concerning many of the same fact at issue in the present case. The Supreme Court of Ohio is better suited than this Court to determine whether Ohio law bars the present case.

Plaintiffs filed a motion to certify a question of state law to the Supreme Court of Ohio. Doc. No. 71. Defendants City Council and City of Centerville[1] responded in opposition (Doc. No. 74), and Plaintiffs replied. Doc. No. 78.

---

[1] The other Defendants in the instant case did not respond to Plaintiffs' motion to certify.

## I. BACKGROUND

Prior to bringing the present case, Plaintiffs filed a required Major Site Plan with the City of Centerville Planning Commission ("Planning Commission"). Doc. No. 54 at PageID 765. Plaintiffs' Major Site Plan proposed demolishing the Elsa's Mexican Restaurant that formerly occupied the property located at 6318 Far Hills Avenue, Centerville, Ohio to build a Sheetz fueling station, convenience store, and drive-through restaurant. *Id.* On August 29, 2023, the Planning Commission unanimously approved Plaintiffs' Major Site Plan. *Id.* at PageID 767. The next month, three opponents to the proposed plan appealed the Planning Commission's decision to the City Council, and the City Council unanimously reversed the Planning Commission's approval, thus denying Plaintiffs' Major Site Plan application. *Id.* at PageID 769.

On November 21, 2023, Plaintiffs filed a timely administrative appeal pursuant to Ohio Rev. Code § 2506.04 in the Montgomery County, Ohio Court of Common of Pleas. *Id.* Approximately two months later, Plaintiffs also filed in the Common Pleas Court a separate complaint raising § 1983 claims and seeking monetary and declaratory relief against Defendants. Doc. No. 19. Plaintiffs presumably reasoned that they needed to file this second case in state court because the court in their § 2506.04 administrative appeal can only provide a limited scope of relief. Doc. No. 19; s*ee* Ohio Rev. Code § 2506.04 ("the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court"). Defendants timely removed the § 1983 case to this court. Doc. No. 1.

Meanwhile, on January 7, 2025, Montgomery County, Ohio Court of Common Pleas Judge Angelina N. Jackson issued a decision in Plaintiffs' § 2506 administrative appeal. Doc. No. 54 at PageID 765-85. Judge Jackson held that the City Council's "reversal of the Planning Commission's decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, and/or unsupported by the

preponderance of substantial, reliable, and probative evidence, as the City Council exceeded its authority as a quasi-judicial body by improperly taking legislative action in reversing the Planning Commission's approval of [Plaintiffs' Major Site Plan]." *Id.* at PageID 782.

In response to the ruling, this Court issued a Show Cause Order asking the parties whether the instant case was barred by *res judicata* due to Judge Jackson's decision. Doc. No. 54 at PageID 763-64. Plaintiffs responded that the administrative appeal does not bar their § 1983 complaint in the instant case—which seeks monetary damages and declaratory relief—because the state court in an administrative appeal under § 2605.04 is limited in the relief it can grant, and that relief does not include damages nor declaratory relief. Doc. No. 56. Plaintiffs subsequently filed, in the instant case, a motion to certify the *res judicata* legal question to the Supreme Court of Ohio and a motion to stay the proceedings until resolution of the certification. Doc. No. 71. Defendants City of Centerville and the City Council argued *res judicata* barred this case; and therefore, they oppose certification. Doc. No. 74.

Plaintiffs now move the Court to certify the following question to the Supreme Court of Ohio:

> Whether a party must bring affirmative claims for damages and declaratory relief within an R.C. 2506 administrative appeal to avoid *res judicata.*

("Proposed Question"). Doc. No. 78 at PageID 107.

## II. STANDARD OF REVIEW

District courts may certify questions to a state supreme court. *Pennington v. State Farm Mut. Auto. Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009); Ohio S. Ct. Prac. R. 9.01(A) ("The Supreme Court [of Ohio] may answer a question of law certified to it by a court of the United States"). To do so, a federal court must find: (1) there is a question of Ohio law, (2) the question may be determinative of the proceeding, and (3) there is no controlling precedent in the decisions of the Supreme Court of Ohio. Ohio S. Ct. Prac. R. 9.01(A).

3

The decision whether or not to certify a question to the Supreme Court of Ohio "lies within the sound discretion of the district court." *Transam. Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995) (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)). Certification is "most appropriate when the question is new and state law is unsettled." *Id.* "Novel or unsettled questions of state law may be appropriate for certification where certification will save time, energy and resources, or where there are conflicting federal interpretations of an important state law question which would otherwise evade state court review." *Stolz v. J & B Steel Erectors, Inc.*, No. 1:14-CV-44, 2017 WL 11634915, at *3 (S.D. Ohio Aug. 23, 2017) (internal quotations omitted).

However, federal courts do not need to certify a question merely because the question is unsettled by state law so long as there is a "reasonably clear and principled course" for deciding the issue. *Pennington*, 553 F.3d at 450 (citing *Pino v. U.S.*, 507 F.3d 1233, 1236 (10th Cir. 2007)); *see also Transam. Ins. Co.*, 50 F.3d at 372 (declining to certify a question where "well-established principles [] govern[ed] the interpretation" of the issue). If a party seeks certification of an issue, the party's request should happen before the district court rules on the issue. *City of Columbus v. Hotels.com, L.P.*, 693 F.3d 642, 654 (6th Cir. 2012).

### III. ANALYSIS

**A. Motion to Certify Question**

The parties agree that Ohio law governs the issue of whether *res judicata* bars the current case. *See generally* Doc. Nos. 56, 71, 74. The question would be determinative because if Plaintiffs' suit for monetary and declaratory relief in the instant case is barred by *res judicata*, then this Court must dismiss this suit. *See Grava v. Parkman Twp.*, 653 N.E.2d 226, 228-29 (Ohio 1995).

The parties do not present any Supreme Court of Ohio cases that directly address the Presented Question nor has this court found any in its independent research. The Ohio intermediate appellate courts and the federal courts have come to different conclusions. In *Community Concerned Citizens*,

4

the Supreme Court of Ohio found when a plaintiff filed an § 2506 administrative appeal and a complaint for declaratory judgment and damages, plaintiff's "request for declaratory judgment could not be combined with its appeal." *Cmty. Concerned Citizens, Inc. v. Union Twp. Bd. of Zoning Appeals*, 613 N.E.2d 580, 582 (Ohio 1993).  The Supreme Court of Ohio did not say whether the § 2506 administrative appeal bars the declaratory relief action.  *See id.*  However, in *Moore*, the Sixth Circuit suggested that plaintiffs can consolidate an § 2506 administrative appeal with a separate complaint for monetary damages, declaratory, and injunctive relief, and a plaintiff's failure to do so poses a risk that *res judicata* will bar their claims.  *Moore v. Hiram Twp.*, 988 F.3d 353, 362, 364 (6th Cir. 2021) (noting this case does not address the Supreme Court of Ohio's decision in *Community Concerned Citizens*).  On the other hand, the Ohio intermediate appellate courts have found that an § 2506 administrative appeal and claims for damages and declaratory relief should be brought separately and are not barred by *res judicata*.  *See, e.g.*, *Garrett v. City of Columbus*, No. 10–AP–77, 2010 WL 3292958, at *5 (Ohio Ct. App. August 19, 2010) (affirming the trial court's decision to dismiss claims for damages and declaratory relief in an administrative appeal); *Bd. of Cnty. Comm'rs v. Coppess*, No. 06–CA–125, 2008 WL 2390846, at *6 (Ohio Ct. App. June 13, 2008) (holding a claim for monetary damages was not barred by *res judicata* because an § 2506.04 administrative appeal does not authorize the court to grant such relief).

      Because the Proposed Question has been answered differently by an Ohio court and a federal court, and because those two courts are the only courts to have addressed the question, it is both new and unsettled.  When federal courts apply state law that is not well settled, it has the potential to diminish the state's sovereignty.  *Scott v. Bank One Tr. Co.*, 577 N.E.2d 1077, 1080 (Ohio 1991).  A determination by the Supreme Court of Ohio would clarify Ohio law on the parties' *res judicata* issue and avoid diminishing the state of Ohio's sovereignty.

It is apparent that Plaintiffs' claims would be barred by *res judicata* if the Supreme Court of Ohio finds that Plaintiffs' failure to bring the damages and declaratory relief suit in their § 2506 administrative appeal resulted in claim preclusion in a later-filed case.  However, if the Supreme Court of Ohio finds that because Plaintiffs did not need to bring their damages and declaratory relief suit with their § 2506 administrative appeal to avoid claim preclusion, then *res judicata* would not bar the instant case.  Accordingly, certification of the Proposed Question to the Supreme Court of Ohio is warranted.

**B. Motion for Stay**

Plaintiffs filed a motion to stay the proceeding pending the Supreme Court of Ohio's resolution of the certified question.  Doc. No. 71.  A district court should typically stay federal proceedings until the state court resolves difficult questions of state law.  *Cf. Gray v. Bush*, 628 F.3d 779, 784 (6th Cir. 2010) (discussing *Burford* abstention).  Accordingly, the Court **GRANTS** Plaintiffs' motion to stay all proceedings until the Supreme Court of Ohio acts regarding the certified question.

**IV. CONCLUSION**

For the reasons set forth above, Plaintiffs' motion to certify a question of state law to the Supreme Court of Ohio (Doc. No. 71) is **GRANTED**, and Plaintiffs' motion to stay (Doc. No. 71) is **GRANTED**.

The Clerk of Court is directed to attach a copy of this Decision to the Certification Order, which shall be filed contemporaneously by separate entry.

**IT IS SO ORDERED.**

May 15, 2025                                                s/*Michael J. Newman*
                                                            Hon. Michael J. Newman
                                                            United States District Judge